UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ANTHONY F. DEBELLIS, aka GIANFRANCO, | |
|---|---|
| Plaintiff, | |
| -against- | |
| P.O. SOLOMAN SHIELD #15004; SERGEANT GILBERT SHIELD # 3452; JUAN O'SULLIVAN; BERNARD MONHAN; ALIPIO ALDARONDO; DANIELLE KOVES; ERICK HICKS; P.O. JUSTIN ALLEN; LT. WHITE #18909; LAWRENCE GURWITCH; SGT. FLYNN #858; JUDGE DAVID LEWIS; CITY OF NEW YORK; STATE OF NEW YORK; DETECTIVE NASH, | 19-CV-8730 (JMF)<br><br>OPINION AND ORDER TO AMEND |
| Defendants. | |

JESSE M. FURMAN, United States District Judge:

Plaintiff, currently incarcerated at Ulster Correctional Facility, is proceeding *pro se* and *in forma pauperis*. He filed this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated October 28, 2019, Chief Judge McMahon directed Plaintiff to amend his complaint to address deficiencies in this original pleading. Plaintiff filed an amended complaint and a motion requesting *pro bono* counsel. *See* ECF No. 11 ("FAC"). For the following reasons, the Court directs Plaintiff to file a second amended complaint.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. *Id.*

## BACKGROUND

In his original complaint, Plaintiff alleged that he had been an employee of the New York City Department of Citywide Administrative Services ("DCAS") for fifteen years; that he was falsely arrested in 2017 for stealing city property and acquitted; and that notwithstanding his

acquittal, he was fired from his job. Plaintiff named as Defendants the New York Police Department, Police Officer Soloman, and Sergeant Gilbert; New York City Department of Information Technology and Telecommunications ("DOITT") employees Juan O'Sullivan and Bernard Monahan; DCAS custodian Alipio Aldarondo and DCAS Disciplinary Counsel Erick Hicks; and the New York County Assistant District Attorney's Office and Assistant District Attorney Danielle Koves.

In the October 28, 2019 order to amend, Chief Judge McMahon: (1) directed Plaintiff to provide facts suggesting either that there was no probable cause to support the arrest or that the arrest was not otherwise privileged; (2) dismissed Plaintiff's claims against the District Attorney's Office and ADA Koves under the doctrine of prosecutorial immunity; (3) dismissed the claims against the NYPD because it is not a suable entity and determined that Plaintiff had not provided facts suggesting a municipal liability claim against the city; and (4) directed Plaintiff to explain how the other named Defendants were personally involved in violating his constitutional rights. After Plaintiff filed an amended complaint, the matter was reassigned to the undersigned's docket.

The amended complaint discusses three arrests, names the same individual Defendants that were named in the original complaint (Soloman, Gilbert, O'Sullivan, Monahan, Aldarondo, Hicks, and Koves), and adds the City of New York; the State of New York; P.O. Allen; P.O. White; Det. Nash; Sgt. Flynn; Judge Dave Lewis; and Plaintiff's Legal Aid attorney, Lawrence Gurwitch.[1] Because the facts are set forth in an extremely convoluted manner, it remains unclear whether the majority of Plaintiff's claims can proceed. The Court will briefly summarize Plaintiff's allegations regarding the three arrests to the extent it has been able to decipher them.

---

[1] Plaintiff has another *pro se* matter pending in this Court regarding other 2018 arrests. *See Debellis v. Massing*, No. 19-CV-7834 (CM) (S.D.N.Y. Dec. 30, 2019) (amended complaint filed, matter pending).

1. **The First Arrest: Indictment No. 510/2018**

As Plaintiff describes it, the first arrest occurred "at 350 Marconi, my employment." In July 2017, Plaintiff returned to work after being out "for injury for nearly a year." FAC 4. On Plaintiff's first night back, DCAS custodian Aldarondo "illegally photographed" him, and the "illegal pictures were sent to the main office." DOITT employee O'Sullivan accused Plaintiff of being "in his [O'Sullivan's] office w/o permission because his bag had been knocked over and he had assumed [Plaintiff] was attempting some illegal activity." *Id*. Sgt. Flynn and P.O. Soloman arrested Plaintiff without probable cause, and DCAS Disciplinary Counsel Erick Hicks "made [Plaintiff] sign some document relating to suspension." *Id*.

Defendants "framed [Plaintiff] for stealing city property" because he had reported corruption "on or about 9/14." *Id*. Plaintiff was "under heavy medication while out on injury and it was used to begin the corruption." *Id*. Gilbert, Aldarondo, O'Sullivan, Soloman, and Monahan testified falsely against Plaintiff at trial, but he was acquitted. Koves "took the loss very personal [sic]," and "the judge was changed to a prosecutor favoring judge [Lewis]" for Plaintiff's other cases. Notwithstanding the acquittal, Hicks had Plaintiff fired.

2. **The Second Arrest: Ind. No. 638/2018**

According to Plaintiff, the second arrest arose from an alleged accidental shooting of a cab driver. *Id*. at 6. Three or four days after the first arrest, Det. Nash and Sgt. Flynn, with "guns drawn" and "a massive police force," arrived at Plaintiff's mother's house, arrested Plaintiff, and searched the house. *Id*. at 5. Plaintiff asked the officers "what [he] had done," but he was "given no answer." *Id*. It was "later determined they were looking for the missing city equipment and a firearm," but "nothing was recovered and no warrant produced." *Id*. Plaintiff then asserts that "a cab driver alleged he was accidentally shot and the perpetrator came from the vicinity of [Plaintiff's] home." *Id*. at 6. Plaintiff's sister's boyfriend was "arrested and questioned, then

4

released.  The driver was shown a photo of [Plaintiff] and [Plaintiff] was not identified.  Suspiciously, the next day [Plaintiff] was picked from a line-up." *Id*.  Plaintiff was, apparently, arrested in connection with this shooting.  According to Plaintiff, "now we have two arrests w/o probable cause, illegal searches + seizures." *Id*.

3. **The Third Arrest: Ind. No. 2125/2018**

Plaintiff describes the third arrest as the "illegal search, arrest and sexual violation case." *Id*. at 9.  On an unspecified date, Plaintiff "decided to take a licensed firearm [he] had and bring it to a NYC police precinct to turn it in" for a gift card.  *Id*. at 7.  The "vehicle [Plaintiff] was traveling in apparently had a suspended registration," and P.O. Justin Allen and Lt. White pulled Plaintiff over and "turned off" their body cameras. They proceeded to remove Plaintiff from the car, illegally search it without a warrant, and "2 hours after the search suddenly found the weapon." *Id*.  While Plaintiff was in "the back of the car," he "took medication [he] had and took it after [he] was pulled out of the vehicle and searched again." *Id*.  While Plaintiff was handcuffed, Lt. White sexually assaulted Plaintiff with his finger.  *Id*. at 8.  Judge Lewis "threatened" Plaintiff — presumably during subsequent criminal proceedings — "not to speak of [the sexual assault] or there would be serious consequences." *Id*.

Plaintiff pleaded guilty to unspecified charges under this indictment. Gurwitch, Plaintiff's attorney, advised Plaintiff to "take the 2 year offer and be done with it," because if he went to trial he "would surely get the max of 15 years or more." *Id*. at 6.  Plaintiff pleaded guilty "under extreme duress," but it was a "big mistake," because he was innocent. *Id*.  At his sentencing, Plaintiff asked for Gurwitch to be removed as his attorney and to withdraw his guilty plea.  *Id*. There is no indication in the amended complaint that Judge Lewis granted these requests.

According to Plaintiff, Judge Lewis and ADA Koves committed myriad acts of misconduct during Plaintiff's criminal proceedings. Plaintiff "was tricked into thinking that trial was to begin on

5

[Ind. No.] 638 and instead at the last minute, Ms. Koves switched indictments to [Ind. No.] 2125," resulting in Plaintiff's being unlawfully convicted and sentenced to seven years in prison. *Id*. at 9.

Plaintiff objects that he is "supposed to go to trial on Indictment 638" before Judge Lewis and with Koves prosecuting the matter. *Id*. at 10. Plaintiff's current criminal defense attorney told Plaintiff that Koves "is tampering with witnesses and manufacturing evidence that previously did not exist, not to mention the threat of 15 years more on top of the 7 years already given." *Id*. Attached to the complaint are disciplinary complaints Plaintiff filed against Koves and Anthony Sanchez, who may be Plaintiff's current defense attorney. *See id*. at 12-22. Plaintiff seeks "a written apology" and $25 million in damages. *Id*. at 5.

## DISCUSSION

### A.   Claims Against Named Defendants

#### 1.   **Koves and the City of New York**

In the October 28, 2019 order, the Court dismissed Plaintiff's claims against Koves on immunity grounds, and determined that Plaintiff had failed to provide facts in support of a municipal liability claim. The claims asserted in the amended complaint against ADA Koves and the City of New York are dismissed for the reasons set forth in the October 28, 2019 order.

#### 2.   **Legal Aid Attorney Gurwitch**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see*

6

*Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Defendant Gurwitch is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against him under § 1983. Accordingly, Plaintiff's § 1983 claims against Defendant Gurwitch must be, and are, dismissed.

3. **New York State**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's § 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

4. **Judge Lewis**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Judge Lewis are dismissed under the doctrine of judicial immunity.

5. **Defendants Who Testified Against Plaintiff**

Plaintiff brings claims against the individual Defendants because they testified against him in court. But trial court witnesses are absolutely immune from liability for damages for their testimony, even if their testimony was false. *Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Coggins v. Buonora*, 776 F.3d 108, 113-14 (2d Cir. 2015); *San Filippo v. U.S. Trust Co. of N.Y., Inc.*, 737 F.2d 246, 254 (2d Cir. 1984).

The Court therefore dismisses any claims brought against Soloman, Gilbert, O'Sullivan, Monahan, Aldarondo, Hicks, White, Nash, and Flynn arising out of testimony they provided, because they are absolutely immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## B. False Arrest and Malicious Prosecution Claims

A police officer has probable cause to arrest when he or she has "knowledge or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) (quoting *Williams v. Town of Greenburgh*, 535 F.3d 71, 79 (2d Cir. 2008) (internal quotation marks omitted)); *see also Devenpeck v. Alford*, 543 U.S. 146 (2004) (holding that an arrest is privileged if "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest."). "When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001).

Notwithstanding Plaintiff's claims that the allegations against him were false, he provides facts suggesting that the police had grounds to arrest him: before the first arrest, city employees accused Plaintiff of stealing city property; before the second arrest, Plaintiff was picked out of a lineup; and before the third arrest, Plaintiff was driving a car with a suspended registration.

The Court refers Plaintiff to the October 28, 2019 Order to amend, *see* ECF No. 10, which sets out the elements of those claims, and grants Plaintiff leave to file a second amended complaint that provides facts suggesting that any of the named defendants were personally involved in falsely arresting him.[2]

---

[2] To state a malicious prosecution claim, a plaintiff must allege that the prosecution terminated in his favor. *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018). Plaintiff

9

### C. Claims that Relate to Plaintiff's Conviction

#### 1. Challenge to Validity of a Conviction

Plaintiff may not challenge the legality of a state court conviction in a § 1983 complaint; he can obtain such relief only by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by requesting release from custody in a civil action. *Preiser*, 411 U.S. at 489-90.

To the extent that this submission can be construed as a § 2254 petition, the Court must dismiss it because there is no indication that Plaintiff has exhausted his available state remedies in accordance with 28 U.S.C. § 2254(b) and (c).[3] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). Plaintiff may file a petition for a writ of *habeas corpus* once all available state remedies have been exhausted.

#### 2. Claim for Damages

Plaintiff apparently pleaded guilty to charges under Ind. No. 2125/2018. When success on a plaintiff's civil rights claim would "necessarily imply the invalidity of his conviction or sentence,"

---

thus cannot state a malicious prosecution claim in connection with the two cases that resulted in conviction.

[3] Plaintiff should note that under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, a person in state custody must generally file a § 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

the plaintiff cannot proceed with the civil rights action unless the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because Plaintiff's guilty plea does not appear to have been overturned or otherwise called into question, he cannot proceed with § 1983 claims for damages that would necessarily be inconsistent with his conviction.

In narrow circumstances, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a criminal trial resulting in the plaintiff's conviction. *Heck*, 512 U.S. at 487, n.7. "Because of doctrines like independent source and inevitable discovery . . . and especially harmless error . . . a § 1983 action [asserting Fourth Amendment violations], even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful." *Id.*[4] To recover compensatory damages for a Fourth Amendment violation, however, Plaintiff must also prove "not only that the search was unlawful, but that it caused him actual, compensable injury, which . . . does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck*, 512 U.S. at 487, n.7.[5]

Because Plaintiff's conviction has not been overturned, if he amends his complaint to assert claims arising under the Fourth Amendment, he cannot seek damages for the injury of being

---

[4] *See also Bibbins v. Nextel Communications, Inc.,* No. 08-CV-5075 (CM), 2010 WL 4503120, at *4 (S.D.N.Y. Nov. 19, 2010) (explaining on remand that court could not dismiss Fourth Amendment claim without ascertaining "whether plaintiff could have been convicted even if the allegedly illegal wiretap evidence were suppressed — whether because the police would inevitably have discovered some incriminating information, or because there was an independent and untainted source for any evidence that was uncovered as a result of the unauthorized wiretaps, or because there was so much evidence supporting plaintiff's guilt that the admission of information gleaned from the illicit tap was harmless error as a matter of law.").

[5] *See also Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999) ("Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy — including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution.").

11

convicted and incarcerated. Plaintiff, however, asserts that Lt. White sexually assaulted him. Because a favorable determination on that claim would not necessarily imply the invalidity of Plaintiff's conviction, it is not barred by *Heck*. *See Bourdon v. Vacco*, 213 F .3d 625 (2d Cir. 2000). This is the only viable claim in the amended complaint.

### D. Motion for Counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

### E. Leave to Amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff one final opportunity to amend his complaint. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).[6] If Plaintiff does not file a second amended complaint, or if the second amended complaint does not remedy the problems discussed in this order, the sole claim that will proceed is Plaintiff's sexual assault claim against Lt. White.

---

[6] As noted in the October 28, 2019 order, the Court declines at this stage to decide whether to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

All claims asserted in the amended complaint — except for Plaintiff's sexual assault claim against Lt. White — are dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B) (ii), (iii). The motion for counsel is denied without prejudice.

Plaintiff is granted leave to file a second amended complaint within thirty days from the date of this order. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-8730 (JMF). A Second Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, this matter will proceed solely in connection with Plaintiff's claim against Lt. White.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate ECF No. 12, mail a copy of this Order to Plaintiff, and note service on the docket.

SO ORDERED.

Dated: February 13, 2020
       New York, New York

                                      JESSE M. FURMAN
                                      United States District Judge

Mail to:    Anthony F. "Gianfranco" Debellis
               NYSID: 07783088Q
               Din.# 19-R-2419
               Ulster Correctional Facility
               P.O. Box 800
               Napanoch, NY 12458

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes  ☐ No

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name            Middle Initial            Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

**IV. DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

_____
First Name                   Last Name                   Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                          State                Zip Code

Defendant 2:

_____
First Name                   Last Name                   Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                          State                Zip Code

Defendant 3:

_____
First Name                   Last Name                   Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                          State                Zip Code

Defendant 4:

_____
First Name                   Last Name                   Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                          State                Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____