UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                                        :

ANTHONY F. DEBELLIS aka GIANFRANCO,         :

                       Plaintiff,             :                     19-CV-8730 (JMF)

                                            :

                -v-                         :        MEMORANDUM OPINION

                                            :            AND ORDER

LT. WHITE #18909,                               :

                                            :

                      Defendant.           :

                                            :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge

        On February 13, 2020, the Court entered a Memorandum Opinion and Order ("Opinion")

dismissing the bulk of Mr. Debellis's claims and granting him leave to amend.  *See* ECF No. 18

("Mem. Op."), at 13.  In that Opinion, the Court instructed Mr. Debellis to fill out the Second

Amended Complaint form attached thereto with sufficient allegations to remedy the deficiencies

identified in the Opinion, and further cautioned that, if he failed to do so, only his sexual assault

claim against Lieutenant White would proceed.  Mem. Op. 12-13.  On June 30, 2020, the Court

received two letters from Mr. Debellis dated June 15, 2020, one of which purported to be an

"amendment" to his original complaint.  ECF Nos. 25-26.  Because there was reason to believe

that Mr. Debellis had not received the Opinion (due to his being moved from one facility to

another), the Court entered an Order renewing his leave to amend and stating that upon receipt of

a second amended complaint, his June 15th submissions would be deemed moot.  ECF No. 27.

On August 20, 2020, after multiple attempts to deliver the Opinion and subsequent Orders to Mr.

Debellis, *see* ECF Nos. 24, 27, 31, the Court finally received Mr. Debellis's Second Amended

Complaint, dated August 18, 2020, ECF No. 32 ("SAC").

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  A complaint states a claim for relief if the claim is plausible.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rule 8 also requires that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are [redundant, immaterial, impertinent, or scandalous]. . . or to dismiss the complaint."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citing Fed. R. Civ. P. 12(f)); *see also Shomo v. State of N.Y.*, 374 F. App'x 180, 182 (2d Cir. 2010) (summary order) (holding that where a complaint "contain[ed] a surfeit of detail . . . the district court was within bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8"); *Lafurno v. Walters*, No. 18-CV-1935 (JS) (ARL), 2018 WL 2766144, at *3 (E.D.N.Y. June 8, 2018) (dismissing *pro se* plaintiff's 61-page complaint that included a 66-page "memorandum of law" and 157-page "affidavit").

Measured against these standards, Mr. Debellis's Second Amended Complaint falls woefully short.  For one thing, it does not contain a short and plain statement showing he is entitled to relief and does not provide fair notice to Defendants of the nature of his claims so that they may answer and prepare for trial.  Indeed, the Second Amended Complaint contains no allegations whatsoever — even with respect to the alleged sexual assault claim against Lieutenant White, which survived the Court's Opinion.  Making matters worse, the Second Amended Complaint includes several inappropriate and impertinent statements.  *See, e.g.*, SAC 4 ("[T]his is why the country is in the condition its [sic] in, absolutely no accountability for corrupt

officials! . . . [T]ake your Court and shove it! . . . [I]s this some kind of sick joke!"); *id.* at 5

(stating, in a section of the complaint form regarding alleged injuries: "I'll make sure my kids

know why they don't have a dad anymore, when I open my fucking veins!").  Whatever

Plaintiff's views about the Court's decisions or handling of his case may be, these statements are

inappropriate and have no place in a court submission, let alone a complaint.  Although Courts

are required to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009),

and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of

Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted), the

Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), has its

limits.  Mr. Debellis's Second Amended Complaint goes far beyond those limits.

Accordingly, the Court strikes the Second Amended Complaint as immaterial and

impertinent.  *See* Fed. R. Civ. P. 12(f); *cf. Prezzi*, 469 F.2d at 692 (affirming dismissal of

voluminous *pro se* complaint and affirming dismissal of shorter amended complaint which was

"equally prolix and for the most part incomprehensible.").  In the alternative, the Court dismisses

the Second Amended Complaint for failure to state a claim.  The Court would be on firm ground

leaving things there and dismissing the case in its entirety.  Nevertheless, and notwithstanding

the many ways in which the Court has already bent over backwards to ensure that Mr. Debellis

has a meaningful opportunity to file an amended pleading, **the Court will grant Mr. Debellis

one final opportunity to file a proper amended complaint within 45 days of this

Memorandum Opinion and Order** that addresses the deficiencies identified in the Opinion and

here.  A blank Second Amended Complaint form is attached to this Memorandum Opinion and

Order for Mr. Debellis to use.  To be clear, the Court will not consider Mr. Debellis's June 15th

submissions and will only consider claims properly raised in the amended complaint.  If Mr.

Debellis does not file anything by that date, or if the submission is again deficient, the only claim

3

that will proceed is the sexual assault claim against Lieutenant White.

Finally, liberally construed, Mr. Debellis's Second Amended Complaint appears to make a request for counsel. SAC 4 ("I need a dam [sic] lawyer!"). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co*., 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Mr. Debellis at the address below.


        SO ORDERED.

Dated: August 27, 2020
       New York, New York                          _____
                                                   JESSE M. FURMAN
                                                   United States District Judge

Mail to: Anthony F. "Gianfranco" Debellis
         DIN 19R2419
         Mohawk Correctional Facility
         6514 Rt. 26
         P.O. Box 8451
         Rome, New York 13442

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**SECOND AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                            State                      Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                       Zip Code

Defendant 2:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                       Zip Code

Defendant 3:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                       Zip Code

Defendant 4:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                       Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____