UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY F. DEBELLIS, *also known as* Gianfranco,<br><br>                              Plaintiff,<br><br>              -against-<br><br>Police Officer Solomon #15004, *et al.*,<br><br>                              Defendants. | 19-CV-8730 (JMF)<br><br>ORDER OF SERVICE |

JESSE M. FURMAN, United States District Judge:

Plaintiff, currently incarcerated at Mohawk Correctional Facility, brings this *pro se* action

for money damages under 42 U.S.C. § 1983, alleging that Defendants violated his federal

constitutional rights.  By order dated October 8, 2019, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*,

480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks

subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on

any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1]     Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In Plaintiff's original complaint, filed on September 20, 2019, he alleged that he had been

employed by the New York City Department of Citywide Administrative Services ("DCAS") for

fifteen years; that he was falsely arrested three times in retaliation for reporting corruption; that

the charges underlying two of the three arrests were dismissed; and that he had been unlawfully

fired from his job.  By order dated October 28, 2019, Chief Judge McMahon directed Plaintiff to

file an amended complaint because the original pleading did not contain sufficient facts to

support his claims.  After Plaintiff filed an amended complaint, the matter was reassigned to the

undersigned.  *See* ECF Nos. 10, 11.

The amended complaint was also problematic and, on February 13, 2020, the Court

directed Plaintiff to file a second amended complaint.  *See* ECF No. 18.  Both because Plaintiff

had been transferred and because of delays attributable to the COVID-19 pandemic, he did not

receive that February 13, 2020 order in a timely way.  On September 11, 2020, after Plaintiff

filed several letters and a second amended complaint, the Court received a letter in which

Plaintiff clarified that he is bringing claims in connection with arrests occurring on July 20,

2017, and July 23, 2017.  *See* ECF No. 34.[2]  According to Plaintiff, the first arrest was without

probable cause and during the second arrest his home was searched without a warrant.  Plaintiff

asserts that after he served eight months in custody, the charges underlying two of the three

arrests "ended in full acquittals."  ECF No. 34 at 1.  Plaintiff further asserts that he was arrested a

---

[2]     The Court struck the second amended complaint as immaterial and impertinent under
Fed. R. Civ. Proc. 12(f).  ECF No. 33.

third time on or about September 19, 2018, in connection with a traffic stop and that, during that

incident, Lieutenant White and Police Officer Allen witnessed a plainclothes officer sexually

assault him.  *Id.* at 3.[3]  Plaintiff asserts that in myriad ways, the traffic stop was unlawful and the

criminal proceedings unfair.[4]

The letter names the following defendants: Police Officer Soloman; Police Officer Justin

Allen; Lieutenant White; Detective Nash; Sergeant Flynn; New York City Department of

Information Technology and Telecommunications employee Juan O'Sullivan; DCAS

Disciplinary Counsel Erick Hicks; Assistant District Attorney Danielle Koves; and Alex Sanchez,

a criminal defense attorney.

The Court construes the September 11, 2020 letter as the operative pleading, but directs

the Clerk's Office to include in the service package the second amended complaint as a

supplemental filing to provide context for the claims that are summarized in this order.  ECF

Nos. 11 and 34.

## DISCUSSION

### A.    Claims Arising out of the September 2018 Arrest

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), when the success of a plaintiff's civil

rights claim would "necessarily imply the invalidity of his conviction or sentence," the plaintiff

cannot proceed with the claim for damages unless the conviction or sentence has been

---

[3]    Plaintiff asserts in the September 11, 2020 letter that a plainclothes officer sexually assault him and that Lt. White and P.O. Allen know who that officer is.  According to Plaintiff, the Court mistakenly summarized his allegation in the amended complaint as being that Lt. White committed the sexual assault.  A review of the amended complaint shows, however, that Plaintiff previously asserted that Lt. White was the perpetrator.  *See* ECF No. 11, at 9.

[4]    The outcome of the state court criminal proceedings is not clear.  Public records show that, after conducting a hearing, the trial court denied Plaintiff's motion to suppress evidence seized after a search of Plaintiff and the vehicle.  *See People v DeBellis*, No. 2125/18, 118 N.Y.S.3d 368, 2019 WL 4493777, at *1 (N.Y. Sup. Ct. Sept. 3, 2019).

invalidated.  *Id.* at 487.  As far as the Court can discern, the state court criminal proceedings arising out of the September 2018 arrest are either ongoing or resulted in conviction.  It thus does not appear that Plaintiff's conviction has been invalidated, and — given the nature of his allegations — the success of his claims would necessarily imply the invalidity of his conviction or sentence.  *See, e.g.*, *McDonough v. Smith*, 139 S. Ct. 2149 (2019) (holding that a plaintiff must plead that his prosecution resulted in a favorable termination); *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018) (holding that a plaintiff asserting a damages claim under § 1983 must show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence); *Covington v. City of New York*, 171 F.3d 117, 123 (2d Cir. 1999) ("[W]here the only evidence for conviction was obtained pursuant to an arrest, recovery in a civil case based on false arrest would necessarily impugn any conviction resulting from the use of that evidence.")

Thus, the Court dismisses without prejudice Plaintiff's claims arising out of the September 2018 arrest.

## B.    Claims Against Koves and Sanchez

The Court previously dismissed Plaintiff's claims against Assistant District Attorney Koves because, as a prosecutor, she is immune from suit.  *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  The Court dismisses Plaintiff's current claims against her for the same reasons.

Plaintiff also names Alex Sanchez, a criminal defense attorney.  The Court previously dismissed Plaintiff's claims against a different criminal defense attorney because the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983.  *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)).  Plaintiff's claims against Sanchez are dismissed for the same reasons.

### C.    Adding Defendants to the Caption

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (noting that Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice").

The Court directs the Clerk of Court to amend the caption of this action to add as defendants Police Officer Solomon #15004; Police Officer Justin Allen #6922; Lieutenant White #18909; 48th Precinct Detective Nash; Sergeant Flynn #858; Juan O'Sullivan, New York City Department of Information Technology and Telecommunications; and DCAS Disciplinary Counsel Erick Hicks.  This amendment is without prejudice to any defenses these Defendants may wish to assert.

### D.    Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until ninety days after the date the summons is issued.  If the complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see*

*also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Police Officer Solomon #15004; Police Officer Justin Allen #6922; Lieutenant White #18909; 48th Precinct Detective Nash; Sergeant Flynn #858; Juan O'Sullivan, New York City Department of Information Technology and Telecommunications; and DCAS Disciplinary Counsel Erick Hicks through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Danielle Koves and Alex Sanchez. *See* 28 U.S.C. § 1915(e)(2)(B)(iii), (ii).  The claims arising out of the September 2018 arrest are dismissed without prejudice.  That leaves Plaintiff's claims arising out of two arrests in July 2017 and his claim of sexual assault during a third arrest on or about September 19, 2018.

The Court directs the Clerk of Court to amend the caption of this action to add as defendants Police Officer Solomon #15004; Police Officer Justin Allen #6922; Lieutenant White #18909; 48th Precinct Detective Nash; Sergeant Flynn #858; Juan O'Sullivan, New York City Department of Information Technology and Telecommunications; and DCAS Disciplinary Counsel Erick Hicks.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Police Officer Solomon #15004; Police Officer Justin Allen #6922; Lieutenant White #18909; 48th Precinct Detective Nash; Sergeant Flynn #858; Juan O'Sullivan, New York City Department of Information Technology and Telecommunications; and DCAS Disciplinary Counsel Erick Hicks and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk's Office shall include in the package the amended complaint and the September 11, 2020 letter. *See* ECF Nos. 11, 34.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 20, 2020
         New York, New York

_____
JESSE M. FURMAN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.    Sergeant Flynn #858
      One Police Plaza
      New York, NY 100007

2.    Police Officer Solomon #15004
      One Police Plaza
      New York, NY 100007

3.    48th Precinct Detective Nash,
      One Police Plaza
      New York, NY 100007

4.    Erick Hicks
      NYC DCAS
      1 Centre Street, 17th Fl.
      New York, NY 10007

5.    Juan O'Sullivan
      NYC DOITT
      350 Marconi St.
      Bronx, NY 10461

6.    Lieutenant White #18909
      One Police Plaza
      New York, NY 100007

7.    Police Officer Justin Allen #6922
      One Police Plaza
      New York, NY 100007