UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY F. DEBELLIS, aka GIANFRANCO,

                Plaintiff,

-against-

LIEUTENANT WHITE #18909; *et al.*,

                Defendants.

19-CV-8730 (JMF)

ORDER OF SERVICE

JESSE M. FURMAN, United States District Judge:

    Plaintiff, currently incarcerated at Mohawk Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated October 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Lt. Thomas White, Police Officer Karen Solomon, and Wann O'Sullivan[2] through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.[3]

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to amend the caption to show that Defendant O'Sullivan's first name is Wann, not Juan. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants White, Solomon, and O'Sullivan and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[2] The Marshals Service was alerted that Defendant O'Sullivan's first name is Wann, not Juan. The Court directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to reflect this correction.

[3] The Law Department will update the Court on its efforts to locate Defendant Flynn, who has apparently retired from the New York Police Department. (ECF 50 at 2.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: March 24, 2021
      New York, New York

                                          _____
                                          JESSE M. FURMAN
                                          United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Lieutenant Thomas White
   Highway Patrol Unit 1 of the New York City Police Department
   2 Bronx River Parkway
   Bronx, New York 10462

2. Police Officer Karen Solomon, Shield No. 15040
   Communications Division of the New York City Police Department
   350 Marconi Street
   Bronx, New York 10461

3. Wann O'Sullivan
   New York City Department of Information Technology and Telecommunications
   350 Marconi Street
   Bronx, New York 10461