UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ANTHONY DEBELLIS,                                                       :
                                                                        :
                            Plaintiff,                                  :
                                                                        :    19-CV-8730 (JMF)
                   -v-                                                  :
                                                                        :    ORDER OF SERVICE
POLICE OFFICER SOLOMAN et al.,                                          :
                                                                        :
                            Defendants.                                 :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On March 28, 2022, the Court issued an Opinion and Order dismissing the claims against all Defendants except Sergeant Flynn and Detective Nash. ECF No. 62. On April 14, 2022, counsel for Defendants notified the Court that Defendant James Flynn had not been served with process and had retired from the New York City Police Department ("NYPD"). *See* ECF No. 63. Accordingly, the Court directed counsel to provide Flynn's contact information for service. *See* ECF No. 64. On May 4, 2022, counsel informed the Court that the NYPD had received a signed designation of agent for service of process form from Flynn and that Flynn could therefore be served at 1 Police Plaza. *See* ECF No. 67. Because the Law Department has only just provided the necessary information to allow Plaintiff to serve Defendant Flynn, the Court extends the time to serve Flynn until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

      Because Plaintiff has been granted permission to proceed *in forma pauperis*, he is entitled to rely on the Court and the U.S. Marshal Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the

Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  To allow Plaintiff to effect service on Defendant Flynn through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return Form ("USM-285 form") for Defendant Flynn.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals all the paperwork necessary for the Marshals Service to effect service upon Defendant Flynn.

        The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

        SO ORDERED.

Dated: May 6, 2022  
       New York, New York

                                         JESSE M. FURMAN  
                                     United States District Judge