UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                              :

ANTHONY F. DEBELLIS,                     :

                   Plaintiff,               :

                                         :        19-CV-8730 (JMF)
           -v-                           :

                                         :       MEMORANDUM OPINION
48TH PRECINCT DETECTIVE NASH et al.,      :          AND ORDER

                 Defendants.            :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      By Order dated February 23, 2024, the Court granted in part and denied in part Defendants' motion to enforce a settlement, and ordered the City of New York to pay Plaintiff the settlement amount of $5,000.00 "in full satisfaction of his unlawful search claim with respect to Sergeant Flynn and Detective Nash, the sole remaining claim in this action."  ECF No. 123.  The Court noted that all other claims in this action had previously been dismissed.  *Id.* (citing ECF No. 62, at 11).  Earlier today, the Court received a letter from Plaintiff seeking clarification regarding the dismissed claims — namely, whether they had been dismissed "with or without prejudice."  ECF No. 124.

      The claims dismissed in the Court's March 28, 2022 Opinion and Order, ECF No. 62, were dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure — and without leave to amend — and, as such, were dismissed with prejudice.  *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074-76 (2d Cir. 2021) (dismissal for failure to state a claim under Rule 12(b)(6) is properly with prejudice).  Plaintiff's claims against Assistant District Attorney Koves and criminal defense attorney Sanchez were also dismissed with prejudice, on the grounds that Koves was entitled to prosecutorial immunity and that Sanchez was not a state actor within the meaning of 42 U.S.C. § 1983.  *See* ECF No. 35, at 4.

By contrast, Plaintiff's claims arising out of the September 2018 arrest were explicitly dismissed *without* prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  See ECF No. 35, at 3-4.  To the extent that Plaintiff's prior conviction has since been overturned, he may be able to refile those claims, subject to any applicable statute of limitations.  *See, e.g.*, *Webb v. Goldstein*, 117 F. Supp. 2d 289, 294 (E.D.N.Y. 2000) (holding that claims dismissed pursuant to *Heck* are "dismissed without prejudice to refile should [plaintiff] succeed in having his conviction reversed, invalidated, or expunged"); *accord Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999); *see also, e.g.*, *Hadid v. City of New York*, 730 F. App'x 68, 71 (2d Cir. 2018) (summary order) (noting that claims barred by *Heck* "do[] not accrue until the conviction is overturned").

To the extent Plaintiff — through his statements that this is "the only remaining concern [he] may have regarding settlement in this case" and that he "would have to respectfully request the remaining claims are dismissed without prejudice," ECF No. 124 — seeks reconsideration of any prior rulings of the Court, that request is DENIED as both untimely and on the merits.  The settlement is to be performed pursuant to the Court's Order, ECF No. 123, Plaintiff's claims arising out of the September 2018 arrest are dismissed without prejudice, ECF No. 35, and all other claims are dismissed with prejudice, ECF Nos. 35 & 62.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 7, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge